IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIMBERLY ANN RYMER,          §
                             §
            Plaintiff,       §
                             §
V.                           §          No.  3:12-cv-4095-P-BN
                             §
CAROLYN W. COLVIN,           §
Acting Commissioner of Social Security,  §
                             §
            Defendant.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kimberly Ann Rymer seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed and remanded.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including spinal stenosis, facet arthopathy, spondylolisthesis, and depression. *See* Administrative Record [Dkt. No. 8] ("Tr.") at 317, 701, 721. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *See id.* at 107-11, 133-37. The initial hearing was held on December 19, 2007. *See id.* at 206. The ALJ found that Plaintiff was not disabled. *See id.* 219-20. Plaintiff appealed that decision to the Appeals Council, which granted Plaintiff's request for review, vacated the hearing decision, and remanded the case with specific directives.

*See id.* at 227-29. A second hearing was held before a different ALJ on October 14, 2009. *See id.* at 690-728. At the time of the second hearing, Plaintiff was 52 years old. *See id.* at 696. She is a college graduate and has past work experience as a legal secretary, legal assistant, data entry operator, waitress, and gift wrapper. *See id.* at 697-99. Plaintiff has not engaged in substantial gainful activity since January 1, 2002. *See id.* at 28.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from spondylolisthesis and bipolar disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 29. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of light work but could not return to her past relevant employment. *See id.* at 30, 40-41. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a blood donor unit assistant, collator operator, or photo copier operator – jobs that exist in significant numbers in the national economy. *See id.* at 41. Given her age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.* at 41.

Plaintiff appealed that decision to the Appeals Council. *See id.* at 21-22. The Council affirmed. *See id.* at 11-13.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on four general grounds: (1) the ALJ failed to follow the directives in the Appeals Council's remand order; (2) the ALJ improperly rejected her treating and examining physicians' opinions; (3) the ALJ improperly evaluated her credibility; and (4) the finding that she can perform other work in the national economy was based on an improper hypothetical question to the vocational expert.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings, conclusions, and recommendation.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must

scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

4

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that the undersigned concludes compels remand – the ALJ failed to follow the directives in the Appeals Council's remand order, and the failure to do so resulted in prejudicial error.[1]

The Appeals Council vacated the initial hearing decision because the ALJ did not adequately evaluate the opinion of Alvin Smith, Ph.D., who testified that Plaintiff's

---

[1] By recommending the remand of this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

mental impairment would meet Listing 12.09, which would result in a finding of disability. *See* Tr. at 227. According to the Appeals Council, the ALJ indicated that he gave the State agency medical consultant's opinion more weight because it was more favorable to Plaintiff than that of Dr. Smith. However, the Appeals Council could not reconcile the ALJ's statement with the evidence because Dr. Smith thought that Plaintiff met a listing and was disabled but the State agency medical consultant did not think Plaintiff was disabled. Therefore, the Appeals Council determined that further evaluation of Dr. Smith's opinion was necessary. *See id.*

The Appeals Council directed that "[u]pon remand, the Administrative Law Judge will" (1) give consideration to Dr. Smith's opinion that the severity of Plaintiff's mental impairment meets Listing 12.09 and explain the weight given to Dr. Smith's opinion evidence; (2) obtain supplemental evidence from a medical expert to clarify whether Plaintiff's mental impairment meets or equals the severity of an impairment in the listings; (3) give further consideration to Plaintiff's maximum residual functional capacity; (4) if warranted by the expanded record, obtain supplemental evidence from a vocational expert; and (5) if the Plaintiff is found disabled, make a determination of whether drug addiction and/or alcohol is material to the finding of disability. *See id.* at 227-28.

An ALJ must comply with an order from the Appeals Council. *See* 20 C.F.R. § 404.977(b) ("The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." ). Plaintiff contends that the ALJ did not follow the

directives in the remand order and that the failure to do so was prejudicial. Defendant concedes that the ALJ did not comply with the Appeals Council's remand order but argues that the failure to do so was harmless because the Appeals Council denied Plaintiff's request for review after the remand proceeding and hearing decision and that the determination of whether Plaintiff meets or equals a listing is reserved to the Commissioner.

On remand, the ALJ summarily stated that he considered Dr. Smith's testimony and opinion that Plaintiff met Listing 12.09, but he did not discuss or provide details concerning Dr. Smith's testimony and opinion. *See id.* at 39-40. The ALJ treated the directive to obtain supplemental evidence as discretionary, stating that he was required to do so only "if necessary," and he did not obtain additional medical testimony to determine whether Plaintiff was disabled because she met a listing. *See id.* at 26. Instead, the ALJ simply stated that, after extensive review of the record and questioning of Plaintiff at the hearing, he concluded that Plaintiff did not meet Listing 12.09. *See id.* at 39. To support his conclusion, the ALJ highlighted a lack of evidence in the record showing any emergency hospitalization, placement in a sheltered or highly supported living environment, or legal problems due to the severity of Plaintiff's mental or drug problems. *See id.* at 39-40. The ALJ noted that Dr. Smith noted that Plaintiff's claims that she had parasites is a common manifestation among persons with drug and alcohol addictions. *See id.* at 40. But the ALJ also noted the lack of any mention in the records from any of the physicians treating Plaintiff for rash or skin

problems that Plaintiff was delusional or having drug addiction and alcohol manifestations and that Plaintiff's treating physician and prescriber of Plaintiff's narcotic pain medications has not identified any substance addiction disorder. *See id.* And the ALJ found that nothing in the record shows Plaintiff to have any substance addiction disorder. *See id.* The ALJ also relied heavily on evidence that Plaintiff's treating physician, James F. Cable, M.D., monitored Plaintiff's use of narcotic pain medication monthly with laboratory testing and face-to-face examinations. *See id.* The ALJ concluded that Plaintiff showed symptoms of bipolar disease, depression, and anxiety but did not meet a listing for any of those disorders. *See id.* Because he rejected Dr. Smith's opinion that Plaintiff met Listing 12.09, the ALJ concluded that a determination of the materiality of drug abuse or alcoholism was unnecessary. *See id.*

The undersigned finds that the ALJ failed to comply with the directives in the Appeals Council's remand order and concludes that such failure to do so was prejudicial. Because Dr. Smith's testimony is not included in the Administrative Record, it is difficult for the Court to determine whether the ALJ properly considered that opinion under the Appeals Council's directives. Nevertheless, the ALJ did not obtain supplemental evidence from a medical expert to clarify whether Plaintiff's mental impairment meets or equals the severity of an impairment in the listings as the Appeals Council ordered the ALJ to do on remand, and the Court cannot know what the outcome would have been had he done so. And without an expanded record, the ALJ could not exercise his discretion, as set forth in the Appeals Council's remand order, to determine whether further evidence from a vocational expert was warranted.

Had the ALJ followed the directives in the remand order and determined that the severity of Plaintiff's impairments met a listing, Plaintiff would have been found disabled. Therefore, the Court concludes that the ALJ's failure to comply with the Appeals Council's remand order constitutes legal error and requires a remand of the case. *See Jowers v. Astrue*, No. SA-10-CV-0944-NN, 2012 WL 641973, at *10 (W.D. Tex. Feb. 27, 2012); *Moree v. Astrue,* No. 7:10-cv-6-BF, 2011 WL 1252904, at *9 (N.D. Tex. Apr. 1, 2011); *Gleason v. Astrue,* No. 3-09-cv-268-M-BD, 2010 WL 5209302, at *4 (N.D. Tex. Nov. 30, 2010), *rec. adopted,* 2010 WL 5209299 (N.D. Tex. Dec. 17, 2010).

## Recommendation

The hearing decision should be reversed, and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 22, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE